1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com

13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                UNITED STATES DISTRICT COURT
16
               NORTHERN DISTRICT OF CALIFORNIA
17
                   SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX            ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND       )
20 PRODUCTS LIABILITY LITIGATION        ) CASE NO. 3:08-cv-1703-CRB
   ―――――――――――――――――――――――――            )
21 *This document relates to*           )
                                        ) **PFIZER INC., PHARMACIA**
22 ARMAN ALPIAN, et al.,                ) **CORPORATION, AND G.D.**
                                        ) **SEARLE LLC'S ANSWER TO**
23          Plaintiffs,                 ) **COMPLAINT**
                                        )
24     vs.                              ) **JURY DEMAND ENDORSED**
                                        ) **HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE, LLC, (FKA G.D. SEARLE & )
26 CO.),                                )
                                        )
27          Defendants.                 )
                                        )
28

-1-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle"), (collectively

4  "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5  respectfully show the Court as follows:

6                                          **I.**

7                          **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs and Decedent were

9  prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only

10  be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

11  the specific time periods in which Plaintiffs and Decedent were prescribed and used Celebrex®.

12                                         **II.**

13                                      **ANSWER**

14    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16  that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

24  in accordance with its FDA-approved prescribing information.  Defendants state that the

25  potential effects of Celebrex® were and are adequately described in its FDA-approved

26  prescribing information, which was at all times adequate and comported with applicable

27  standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

28  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  the Complaint.

2  **Response to Allegations Regarding Parties**

3  1.      Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age, and

5  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

6  paragraph of the Complaint.

7  2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

8  business in New York.  Defendants admit that, as the result of a merger in April 2003,

9  Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

10 of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

11 are without knowledge or information sufficient to form a belief as to the truth of such

12 allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

13 time, Pfizer marketed and co-promoted Celebrex® in the United States, including New York,

14 Florida, Alabama, Arizona, and California, to be prescribed by healthcare providers who are by

15 law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16 deny the remaining allegations in this paragraph of the Complaint.

17 3.      Defendants admit that Searle is a Delaware limited liability company with its principal

18 place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

19 as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

20 Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21 packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22 Celebrex® in the United States to be prescribed by healthcare providers who are by law

23 authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

24 the remaining allegations in this paragraph of the Complaint.

25 4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

26 business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

27 the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

28 Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-3-

1   Celebrex® in the United States, including New York, Florida, Alabama, Arizona, and

2   California, to be prescribed by healthcare providers who are by law authorized to prescribe

3   drugs in accordance with their approval by the FDA.   Defendants deny the remaining

4   allegations in this paragraph of the Complaint.

5   5.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

7   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

8   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

9   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

10  Celebrex® in the United States to be prescribed by healthcare providers who are by law

11  authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit

12  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

13  and Pharmacia became subsidiaries of Pfizer.   Defendants deny the remaining allegations in this

14  paragraph of the Complaint.

15  6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

17  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

19  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

20  Celebrex® in the United States to be prescribed by healthcare providers who are by law

21  authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants state

22  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

23  prescribing information.   Defendants state that the potential effects of Celebrex® were and are

24  adequately described in its FDA-approved prescribing information, which was at all times

25  adequate and comported with applicable standards of care and law.   Defendants deny any

26  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27  7.        Defendants state that the allegations in this paragraph of the Complaint regarding

28  "predecessors in interest" are vague and ambiguous.   Defendants are without knowledge or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-4-

1  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

2  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

4  8.      Defendants are without knowledge or information to form a belief as to the truth of the

5  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

6  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

7  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

8  interests and costs.

9  9.      Defendants are without knowledge or information to form a belief as to the truth of the

10  allegations in this paragraph of the Complaint regarding the judicial district in which the

11  asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

12  was and is safe and effective when used in accordance with its FDA-approved prescribing

13  information.  Defendants deny committing a tort in the States of New York, Florida, Alabama,

14  Arizona, and California, and deny the remaining allegations in this paragraph of the Complaint.

15  10.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Celebrex® in the United States, including New York, Florida, Alabama,

17  Arizona, and California, to be prescribed by healthcare providers who are by law authorized to

18  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

19  certain periods of time, Celebrex® was manufactured and packaged for Searle, which

20  developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be

21  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22  with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are

23  registered to and do business in the States of New York, Florida, Alabama, Arizona, and

24  California.  Defendants state that the allegations in this paragraph of the Complaint regarding

25  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

26  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

27  the same.  Defendants deny committing a tort in the States of New York, Florida, Alabama,

28  Arizona, and California, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    **Response to Allegations Regarding Interdistrict Assignment**

2    11.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is required.  To the extent that a response is deemed required, Defendants

4    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

5    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

6    Panel on Multidistrict Litigation on September 6, 2005.

7    **Response to Factual Allegations**

8    12.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

10    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

11    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

12    FDA-approved prescribing information.    Defendants state that the potential effects of

13    Celebrex® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

16    and deny the remaining allegations in this paragraph of the Complaint.

17    13.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

19    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

20    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

21    FDA-approved prescribing information.    Defendants state that the potential effects of

22    Celebrex® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

25    and deny the remaining allegations in this paragraph of the Complaint.

26    14.    Defendants are without knowledge or information sufficient to form a belief as to the

27    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

28    medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

ANSWER TO COMPLAINT – 3:08-cv-1703-CRB

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff is the surviving heir of Decedent, whether Plaintiff the Representative of Decedent's Estate, and whether Plaintiff has standing to bring this suit, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiffs or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

2   and is safe and effective when used in accordance with its FDA-approved prescribing

3   information.  Defendants state that the potential effects of Celebrex® were and are adequately

4   described in its FDA-approved prescribing information, which was at all times adequate and

5   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

6   and deny the remaining allegations in this paragraph of the Complaint.

7   21.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Decedent left

9   survivors as defined by law and whether Plaintiffs and Decedent used Celebrex® and,

10  therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when

11  used in accordance with its FDA-approved prescribing information.  Defendants state that the

12  potential effects of Celebrex® were and are adequately described in its FDA-approved

13  prescribing information, which was at all times adequate and comported with applicable

14  standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

15  Plaintiffs, Decedent, Decedent's Estates, Decedent's surviving spouses, and Decedent's

16  surviving children injury or damage, and deny the remaining allegations in this paragraph of the

17  Complaint, including all subparts.

18  22.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

19  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

20  Complaint.

21  23.    Defendants state that the allegations in this paragraph of the Complaint regarding

22  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

23  response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

24  referred to as being  non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

25  remaining allegations in this paragraph of the Complaint.

26  24.    Defendants state that the allegations in this paragraph of the Complaint are not directed

27  towards Defendants and, therefore, no response is required.  To the extent that a response is

28  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

2   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

3   25.     Defendants state that the allegations in this paragraph of the Complaint are not directed

4   towards Defendants and, therefore, no response is required.  To the extent that a response is

5   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

6   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

7   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

8   26.     Defendants state that the allegations in this paragraph of the Complaint are not directed

9   towards Defendants and, therefore, no response is required.  To the extent that a response is

10  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

11  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

12  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

13  27.     Defendants state that the allegations in this paragraph of the Complaint regarding "other

14  pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

15  required.  To the extent a response is deemed required, Defendants state that, as stated in the

16  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

17  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

18  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

19  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

20  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

21  knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

22  allegations in this paragraph of the Complaint.

23  28.     Defendants state that the allegations in this paragraph of the Complaint regarding

24  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

25  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

26  the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

27  mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

28  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

-10-

humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Court to the article for its actual language and text.  Any attempt to characterize the article is

2  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

4  this paragraph of the Complaint.

5  32.    Defendants state that the referenced article speaks for itself and respectfully refer the

6  Court to the article for its actual language and text.  Any attempt to characterize the article is

7  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

9  this paragraph of the Complaint.

10  33.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

11  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

12  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

13  used in accordance with its FDA-approved prescribing information.  Defendants state that the

14  potential effects of Celebrex® were and are adequately described in its FDA-approved

15  prescribing information, which was at all times adequate and comported with applicable

16  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

17  Complaint.

18  34.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  35.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   36.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

2   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

3   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

4   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

5   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

6   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

7   the Complaint.

8   37.    Defendants state that the referenced article speaks for itself and respectfully refer the

9   Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  38.    Defendants state that the referenced study speaks for itself and respectfully refer the

12  Court to the study for its actual language and text.  Any attempt to characterize the study is

13  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15  39.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

16  hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

17  language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

18  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

19  40.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

20  hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

21  language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

22  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23  41.    Defendants state that the referenced articles speak for themselves and respectfully refer

24  the Court to the articles for their actual language and text.  Any attempt to characterize the

25  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

26  refer the Court to the study for its actual language and text.  Any attempt to characterize the

27  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  42.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-13-

1   Court to the article for its actual language and text.  Any attempt to characterize the article is

2   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3   paragraph of the Complaint.

4   43.    Defendants state that the referenced articles speak for themselves and respectfully refer

5   the Court to the articles for their actual language and text.  Any attempt to characterize the

6   articles is denied.  Defendants deny the remaining allegations in this paragraph of the

7   Complaint.

8   44.    Defendants state that the referenced article speaks for itself and respectfully refer the

9   Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

11  Court to the study for its actual language and text.  Any attempt to characterize the study is

12  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13  45.    Defendants state that the referenced Medical Officer Review speaks for itself and

14  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

15  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

16  allegations in this paragraph of the Complaint.

17  46.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

18  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

19  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  47.    Defendants state that the referenced article speaks for itself and respectfully refer the

22  Court to the article for its actual language and text.  Any attempt to characterize the article is

23  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24  paragraph of the Complaint.

25  48.    Defendants state that the referenced study speaks for itself and respectfully refer the

26  Court to the study for its actual language and text.  Any attempt to characterize the study is

27  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

28  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   that the referenced study speaks for itself and respectfully refer the Court to the study for its

2   actual language and text. Any attempt to characterize the study is denied. Defendants deny the

3   remaining allegations in this paragraph of the Complaint.

4   55.    Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text. Any attempt to characterize the article is

6   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

7   56.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

8   Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants

9   therefore lack sufficient information or knowledge to form a belief as to the truth of such

10  allegations and, therefore, deny the same. Defendants state that the referenced studies speak for

11  themselves and respectfully refer the Court to the studies for their actual language and text.

12  Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in

13  this paragraph of the Complaint.

14  57.    Defendants state that the referenced Medical Officer Review speaks for itself and

15  respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

16  attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  58.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

19  are not directed toward Defendants, and therefore no response is required. To the extent that a

20  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

21  this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

22  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

23  such allegations and, therefore, deny the same. Defendants state that the referenced study

24  speaks for itself and respectfully refer the Court to the study for its actual language and text.

25  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in

26  this paragraph of the Complaint.

27  59.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

28  Complaint are not directed toward Defendants, and therefore no response is required. To the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-16-

extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

62.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   64.     Defendants deny the allegations in this paragraph of the Complaint.

3   65.     Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

8   remaining allegations contained in this paragraph of the Complaint.

9   66.     Defendants deny any wrongful conduct and deny the allegations contained in this

10  paragraph of the Complaint.

11  67.     Defendants deny any wrongful conduct and deny the allegations contained in this

12  paragraph of the Complaint.

13  68.     Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

18  paragraph of the Complaint.

19  69.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

21  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

22  and is safe and effective when used in accordance with its FDA-approved prescribing

23  information.  Defendants state that the potential effects of Celebrex® were and are adequately

24  described in its FDA-approved prescribing information, which was at all times adequate and

25  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

26  deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this

27  paragraph of the Complaint.

28  70.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

2   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

3   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

4   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

5   of the Complaint.

6   71.     Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

7   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

8   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10  72.     Defendants state that the referenced article speaks for itself and respectfully refer the

11  Court to the article for its actual language and text.  Any attempt to characterize the article is

12  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13  73.     Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

14  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

15  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  74.     Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26  United States to be prescribed by healthcare providers who are by law authorized to prescribe

27  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  80.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.

9  81.    Defendants deny the allegations in this paragraph of the Complaint.

10  82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  83.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  84.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24  Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful

25  conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  85.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

89.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

90.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4   the Complaint.

5   91.    Defendants state that this paragraph of the Complaint contains legal contentions to

6   which no response is required.  To the extent that a response is deemed required, Defendants

7   admit that they had duties as are imposed by law but deny having breached such duties.

8   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

9   FDA-approved prescribing information.    Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  92.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

17  and is safe and effective when used in accordance with its FDA-approved prescribing

18  information.  Defendants state that the potential effects of Celebrex® were and are adequately

19  described in its FDA-approved prescribing information, which was at all times adequate and

20  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

21  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

22  93.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

25  and is safe and effective when used in accordance with its FDA-approved prescribing

26  information.  Defendants state that the potential effects of Celebrex® were and are adequately

27  described in its FDA-approved prescribing information, which was at all times adequate and

28  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    94.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    95.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

11    and is safe and effective when used in accordance with its FDA-approved prescribing

12    information.  Defendants state that the potential effects of Celebrex® were and are adequately

13    described in its FDA-approved prescribing information, which was at all times adequate and

14    comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

15    deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining

16    allegations in this paragraph of the Complaint.

17    96.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical

19    conditions and whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.

20    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent

21    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

22    97.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

23    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

24    Complaint.

25    98.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

26    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27    Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Response to Second Cause of Action: Strict Liability**

99.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4  remaining allegations in this paragraph of the Complaint, including all subparts.

5  104.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

8  and is safe and effective when used in accordance with its FDA-approved prescribing

9  information.  Defendants state that the potential effects of Celebrex® were and are adequately

10  described in its FDA-approved prescribing information, which was at all times adequate and

11  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

12  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  105.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  106.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

23  and is safe and effective when used in accordance with its FDA-approved prescribing

24  information.  Defendants state that the potential effects of Celebrex® were and are adequately

25  described in its FDA-approved prescribing information, which was at all times adequate and

26  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

27  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

3    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

4    Complaint.

5    112.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

6    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8    113.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

9    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

10    Complaint.

11    <u>**Response to Third Cause of Action: Breach of Express Warranty**</u>

12    114.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

13    Complaint as if fully set forth herein.

14    115.    Defendants are without knowledge or information sufficient to form a belief as to the

15    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

17    and is safe and effective when used in accordance with its FDA-approved prescribing

18    information.  Defendants state that the potential effects of Celebrex® were and are adequately

19    described in its FDA-approved prescribing information, which was at all times adequate and

20    comported with applicable standards of care and law.  Defendants admit that they provided

21    FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

22    allegations in this paragraph of the Complaint.

23    116.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

25    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

26    and is safe and effective when used in accordance with its FDA-approved prescribing

27    information.  Defendants state that the potential effects of Celebrex® were and are adequately

28    described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    comported with applicable standards of care and law.  Defendants admit that they provided

2    FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful

3    conduct and deny the remaining allegations in this paragraph of the Complaint, including all

4    subparts.

5    117.    Defendants admit that they provided FDA-approved prescribing information regarding

6    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    118.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   120.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential

23   effects of Celebrex® were and are adequately described in its FDA-approved prescribing

24   information, which was at all times adequate and comported with applicable standards of care

25   and law.    Defendants admit that they provided FDA-approved prescribing information

26   regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

27   Complaint.

28   121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-30-

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3   122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

4   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

5   Complaint.

6   123.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

7   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

8   Complaint.

9               **Response to Fourth Cause of Action: Breach of Implied Warranty**

10  124.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11  Complaint as if fully set forth herein.

12  125.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

13  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

14  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

15  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

16  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

17  Celebrex® in the United States to be prescribed by healthcare providers who are by law

18  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

19  the remaining allegations in this paragraph of the Complaint.

20  126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants admit that they provided FDA-approved prescribing information regarding

25  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  127.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    128.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    state that Celebrex® was and is safe and effective when used in accordance with its FDA-

6    approved prescribing information.  Defendants state that the potential effects of Celebrex®

7    were and are adequately described in its FDA-approved prescribing information, which was at

8    all times adequate and comported with applicable standards of care and law.  Defendants deny

9    any wrongful conduct, deny that they breached any warranty, and deny the remaining

10   allegations in this paragraph of the Complaint.

11   129.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a

14   prescription medication which is approved by the FDA for the following indications: (1) for

15   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

16   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

17   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

18   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

19   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

20   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

21   and older.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   130.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

25   and is safe and effective when used in accordance with its FDA-approved prescribing

26   information.  Defendants state that the potential effects of Celebrex® were and are adequately

27   described in its FDA-approved prescribing information, which was at all times adequate and

28   comported with applicable standards of care and law.  Defendants admit that they provided

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-32-

FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

137.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

139.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining

2    allegations in this paragraph of the Complaint.

3    141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    142.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

12    and is safe and effective when used in accordance with its FDA-approved prescribing

13    information.  Defendants state that the potential effects of Celebrex® were and are adequately

14    described in its FDA-approved prescribing information, which was at all times adequate and

15    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

16    and deny the remaining allegations in this paragraph of the Complaint.

17    143.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

20    and is safe and effective when used in accordance with its FDA-approved prescribing

21    information.  Defendants state that the potential effects of Celebrex® were and are adequately

22    described in its FDA-approved prescribing information, which was at all times adequate and

23    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

24    and deny the remaining allegations in this paragraph of the Complaint.

25    144.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27    Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

28    and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  information.  Defendants state that the potential effects of Celebrex® were and are adequately

2  described in its FDA-approved prescribing information, which was at all times adequate and

3  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

4  and deny the remaining allegations in this paragraph of the Complaint.

5  145.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

8  and is safe and effective when used in accordance with its FDA-approved prescribing

9  information.  Defendants state that the potential effects of Celebrex® were and are adequately

10  described in its FDA-approved prescribing information, which was at all times adequate and

11  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

12  and deny the remaining allegations in this paragraph of the Complaint.

13  146.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

16  and is safe and effective when used in accordance with its FDA-approved prescribing

17  information.  Defendants state that the potential effects of Celebrex® were and are adequately

18  described in its FDA-approved prescribing information, which was at all times adequate and

19  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

20  and deny the remaining allegations in this paragraph of the Complaint.

21  147.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

24  and is safe and effective when used in accordance with its FDA-approved prescribing

25  information.  Defendants state that the potential effects of Celebrex® were and are adequately

26  described in its FDA-approved prescribing information, which was at all times adequate and

27  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

2    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

3    Complaint.

4    149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9    Complaint.

10    **Response to Sixth Cause of Action: Unjust Enrichment**

11    151.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12    Complaint as if fully set forth herein.

13    152.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18    Celebrex® in the United States to be prescribed by healthcare providers who are by law

19    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

20    the remaining allegations in this paragraph of the Complaint.

21    153.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23    Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining

24    allegations in this paragraph of the Complaint.

25    154.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27    Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining

28    allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    155.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

3    Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was

4    and is safe and effective when used in accordance with its FDA-approved prescribing

5    information. Defendants state that the potential effects of Celebrex® were and are adequately

6    described in its FDA-approved prescribing information, which was at all times adequate and

7    comported with applicable standards of care and law. Defendants deny any wrongful conduct

8    and deny the remaining allegations in this paragraph of the Complaint.

9    156.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11    Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was

12    and is safe and effective when used in accordance with its FDA-approved prescribing

13    information. Defendants state that the potential effects of Celebrex® were and are adequately

14    described in its FDA-approved prescribing information, which was at all times adequate and

15    comported with applicable standards of care and law. Defendants deny any wrongful conduct

16    and deny the remaining allegations in this paragraph of the Complaint.

17    157.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

18    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19    Complaint.

20    **Response to Seventh Cause of Action:**

21    **State Consumer Fraud and Deceptive Trade Practices Act**

22    158.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

23    Complaint as if fully set forth herein.

24    159.    Defendants state that this paragraph of the Complaint contains legal contentions to

25    which no response is required. To the extent that a response is deemed required, Defendants

26    admit that they had duties as are imposed by law but deny having breached such duties.

27    Defendants deny the remaining allegations in this paragraph of the Complaint.

28    160.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

2    therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when

3    used in accordance with its FDA-approved prescribing information. Defendants state that the

4    potential effects of Celebrex® were and are adequately described in its FDA-approved

5    prescribing information, which was at all times adequate and comported with applicable

6    standards of care and law. Defendants deny any wrongful conduct and deny the remaining

7    allegations in this paragraph of the Complaint.

8    161.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

10    therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when

11    used in accordance with its FDA-approved prescribing information. Defendants state that the

12    potential effects of Celebrex® were and are adequately described in its FDA-approved

13    prescribing information, which was at all times adequate and comported with applicable

14    standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused

15    Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

16    the Complaint.

17    162.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

19    therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the

20    Complaint.

21    163.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

23    therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when

24    used in accordance with its FDA-approved prescribing information. Defendants state that the

25    potential effects of Celebrex® were and are adequately described in its FDA-approved

26    prescribing information, which was at all times adequate and comported with applicable

27    standards of care and law. Defendants deny any wrongful conduct and deny the remaining

28    allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

164.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

<u>**Response to Prayer For Relief**</u>

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

<u>**GENERAL DENIAL**</u>

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs or Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedent.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' and Decedent's treating and prescribing physicians.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

2   **Twenty-first Defense**

3   21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

4   the subject pharmaceutical product at issue was subject to and received pre-market approval by

5   the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

6   **Twenty-second Defense**

7   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

8   Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

9   and Plaintiffs' causes of action are preempted.

10   **Twenty-third Defense**

11   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

12   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

13   issue under applicable federal laws, regulations, and rules.

14   **Twenty-fourth Defense**

15   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

16   action concerning matters regulated by the Food and Drug Administration under applicable

17   federal laws, regulations, and rules.

18   **Twenty-fifth Defense**

19   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

20   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

21   of Comment j to Section 402A of the Restatement (Second) of Torts.

22   **Twenty-sixth Defense**

23   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

24   because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

25   Restatement (Second) of Torts § 402A, Comment k.

26   **Twenty-seventh Defense**

27   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

28   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-44-

1    to § 6 of the Restatement (Third) of Torts: Products Liability.

2                         **Twenty-eighth Defense**

3    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4    Products Liability.

5                          **Twenty-ninth Defense**

6    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

7    facts sufficient under the law to justify an award of punitive damages.

8                            **Thirtieth Defense**

9    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

10   would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

11   the United States Constitution and the Constitutions of the States of New York, Florida,

12   Alabama, Arizona, and California, and would additionally violate Defendants' rights to

13   substantive due process under the Fourteenth Amendment of the United States Constitution.

14                          **Thirty-first Defense**

15   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

16   Fourteenth Amendments to the United States Constitution.

17                         **Thirty-second Defense**

18   32.    The imposition of punitive damages in this case would violate the First Amendment to

19   the United States Constitution.

20                          **Thirty-third Defense**

21   33.    Plaintiffs' punitive damage claims are preempted by federal law.

22                          **Thirty-fourth Defense**

23   34.    In the event that reliance was placed upon Defendants' nonconformance to an express

24   representation, this action is barred as there was no reliance upon representations, if any, of

25   Defendants.

26                          **Thirty-fifth Defense**

27   35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged

28   nonconformance to any express representation.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1703-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of New York, Florida, Alabama, Arizona, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

-46-

1  punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

2  punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

3  without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

4  *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

5  519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

6  **Thirty-ninth Defense**

7  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

8  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

9  instructions with respect to the product's use in the package insert and other literature, and

10  conformed to the generally recognized, reasonably available, and reliable state of the

11  knowledge at the time the product was marketed.

12  **Fortieth Defense**

13  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

14  tested, manufactured and labeled in accordance with the state-of-the-art industry standards

15  existing at the time of the sale.

16  **Forty-first Defense**

17  41.    If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint,

18  upon information and belief, such injuries and losses were caused by the actions of persons not

19  having real or apparent authority to take said actions on behalf of Defendants and over whom

20  Defendants had no control and for whom Defendants may not be held accountable.

21  **Forty-second Defense**

22  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

23  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

24  intended, and was distributed with adequate and sufficient warnings.

25  **Forty-third Defense**

26  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

27  waiver, and/or estoppel.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

## Forty-fourth Defense

2  44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

3  result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

4  diseases or illnesses, subsequent medical conditions or natural courses of conditions of

5  Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

6

## Forty-fifth Defense

7  45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8  did not proximately cause injuries or damages to Plaintiffs and Decedent.

9

## Forty-sixth Defense

10  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

11  and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

12

## Forty-seventh Defense

13  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14  manufacturing, labeling, packaging, and any advertising of the product complied with the

15  applicable codes, standards and regulations established, adopted, promulgated or approved by

16  any applicable regulatory body, including but not limited to the United States, any state, and

17  any agency thereof.

18

## Forty-eighth Defense

19  48.    The claims must be dismissed because Plaintiffs and Decedent would have taken

20  Celebrex® even if the product labeling contained the information that Plaintiffs contend should

21  have been provided.

22

## Forty-ninth Defense

23  49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

24  outweighed its risks.

25

## Fiftieth Defense

26  50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

27  collateral sources.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedent.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.   Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Fifty-ninth Defense**

59.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixtieth Defense**

60.    In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed medical expenses or other such economic loss, paid from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**Sixty-first Defense**

61.    In accordance with CPLR 1601 et seq., and/or other applicable State or Commonwealth statutes, the liability of Defendants, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-50-

1    contributing to the total liability for non-economic loss, including named parties and others over

2    whom Plaintiffs could have obtained personal jurisdiction with due diligence.

3                                    **Sixty-second Defense**

4    62.    In accordance with General Obligations Law 15-108, if Plaintiffs or Decedent executed

5    a release or a covenant not to sue for a tortfeasor in this action, Plaintiffs' damage claim against

6    Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in

7    the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable

8    share of the damages under CPLR 1401 et seq., whichever is greatest.

9                                    **Sixty-third Defense**

10   63.    The conduct of Defendants and all activities with respect to the subject products were

11   fair and truthful based upon the knowledge existing at the relevant time alleged in the

12   Complaint.  Therefore, Plaintiffs' claims under New York Business Corporation Law § 349 are

13   barred.

14                                   **Sixty-fourth Defense**

15   64.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

16   Rule 1.120 of the Florida Rules of Civil Procedure.

17                                   **Sixty-fifth Defense**

18   65.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and

19   marketed in accordance with the state of the art at the time of manufacture per § 768.1257,

20   Florida Statutes.

21                                   **Sixty-sixth Defense**

22   66.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable

23   because, at the time of sale or distribution of the Celebrex® alleged to have been used by

24   Plaintiffs and Decedent, Defendants had complied with applicable regulations of the federal

25   Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

26                                   **Sixty-seventh Defense**

27   67.    Plaintiffs' and Decedent's injuries and damages, if any, were proximately caused by the

28   negligence or fault of Plaintiffs and Decedent, or persons or parties whose identities are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  unknown at this time, and such comparative negligence or fault is sufficient to proportionately

2  reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the

3  Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities,

4  pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted

5  in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on

6  the basis of Defendants' percentage of fault, taking into account the percentage of fault

7  attributable to all other persons, whether or not a party hereto, and not on the basis of joint and

8  several liability.   The persons or entities referred to in this paragraph that are presently

9  unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells*

10  *Fargo*, 678 So. 2d 1262 (Fla. 1996).

11  **Sixty-eighth Defense**

12  68.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

13  Practices Act ("FDUTPA").

14  **Sixty-ninth Defense**

15  69.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

16  FDUTPA claim is improper and should be dismissed.

17  **Seventieth Defense**

18  70.    The acts or practices of which Plaintiffs complain were and are required or specifically

19  permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

20  a claim, and should be dismissed with prejudice.

21  **Seventy-first Defense**

22  71.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with

23  regard to Plaintiffs or otherwise.

24  **Seventy-second Defense**

25  72.    Defendants reserve the right to supplement their assertion of defenses as they continue

26  with their factual investigation of Plaintiffs' claims.

27

28

# V.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    May 15, 2008                          GORDON & REES LLP

2

3                                          By: : _____/s/_____

4                                              Stuart M. Gordon
                                               sgordon@gordonrees.com
                                               Embarcadero Center West
5                                              275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
6                                              Telephone:  (415) 986-5900
                                               Fax:  (415) 986-8054
7

8    May 15, 2008                          TUCKER ELLIS & WEST LLP

9

10                                         By: : _____/s/_____

11                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
12                                             515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
13                                             Telephone:  (213) 430-3400
                                               Fax:  (213) 430-3409
14
                                               Attorneys for Defendants
15                                             PFIZER INC., PHARMACIA
                                               CORPORATION, and G.D. SEARLE
16                                             LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-54-

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 15, 2008                              GORDON & REES LLP


By: :_____/s/_____
           Stuart M. Gordon
           sgordon@gordonrees.com
           Embarcadero Center West
           275 Battery Street, 20th Floor
           San Francisco, CA  94111
           Telephone:  (415) 986-5900
           Fax:  (415) 986-8054

May 15, 2008                              TUCKER ELLIS & WEST LLP


By: :_____/s/_____
           Michael C. Zellers
           michael.zellers@tuckerellis.com
           515 South Flower Street, Suite 4200
           Los Angeles, CA 90071
           Telephone:  (213) 430-3400
           Fax:  (213) 430-3409

           Attorneys for Defendants
           PFIZER INC., PHARMACIA
           CORPORATION, and G.D. SEARLE
           LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111